IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| SIDNEY ALLEN KIGER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:13CV401 |
| | ) | |
| FRANK PERRY, | ) | |
| | ) | |
| Respondent. | ) | |

<u>RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE</u>

Petitioner Sidney Allen Kiger, a prisoner of the State of North Carolina, brings a Petition [Doc. #2] seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which Respondent opposes with a Motion for Summary Judgment [Doc. #5]. According to the Petition, on March 8, 2012, in the Superior Court of Davidson County, Petitioner pled guilty to larceny after breaking and entering and having the status of a habitual felon. He was sentenced to 66 to 89 months of imprisonment. (Petition, §§ 1-6.) Petitioner did not file a direct appeal, but did later file a Motion for Appropriate Relief (MAR) in Davidson County. (Petition, § 11.) After it was denied, Petitioner sought, but was also denied, a writ of certiorari from the North Carolina Court of Appeals. (<u>Id.</u>, § 12.) Petitioner next submitted his Petition to this Court. After being ordered to answer, Respondent filed his Motion for Summary Judgment.

Petitioner's Claims

Petitioner raises two claims for relief in his Petition. The first is that his sentence is illegal because his prior record level was incorrectly calculated, resulting in a higher criminal

history category at sentencing. (Id., § 12, Ground One.) Petitioner's second claim is a permutation of his first and alleges that his prior record level was grossly miscalculated and that the state failed to prove his prior record. (Id., Ground Two.)

Standard of Review

This Court must apply a highly deferential standard of review in connection with habeas claims "adjudicated on the merits in State court proceedings," 28 U.S.C. § 2254(d). More specifically, the Court may not grant relief unless a state court decision on the merits "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. "Clearly established Federal law" includes only "'holdings, as opposed to the dicta,'" of the United States Supreme Court. White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (quoting Howes v. Fields, 132 S. Ct. 1181, 1187 (2012)). A state court decision is "contrary to" United States Supreme Court precedent if the state court decision either "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law" or "confronts a set of facts that are materially indistinguishable from a decision of [the United States Supreme] Court and nevertheless arrives at a result different" from the United States Supreme Court. Williams v. Taylor, 529 U.S. 362, 406 (2000). A state court decision involves an "unreasonable application" of Supreme Court case law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407; see also id. at 409–11 (explaining that "unreasonable" does not mean merely "incorrect" or

"erroneous"). "[E]ven 'clear error' will not suffice." White, 134 S. Ct. at 1702 (citing Lockyer v. Andrade, 538 U.S. 63, 75–76 (2003)). "Rather, 'as a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" Id. (quoting Harrington v. Richter, 562 U.S. ___, ___, 131 S.Ct. 770, 786–787 (2011). Finally, this Court must presume state court findings of fact correct unless clear and convincing evidence rebuts them. 28 U.S.C. § 2254(e)(1). Petitioner raised both of his present claims in his MAR, which the state trial court adjudicated on its merits. Therefore, the standards set out above apply to his claims.

## Discussion

Both of Petitioner's claims allege that the state court committed sentencing error either through the calculation of his criminal history or the level of proof required for that history. Petitioner points to no United States Supreme Court case law involved with his claims, which both allege errors in state sentencing law by the state courts. Such claims do not ordinarily state any cognizable claim for habeas relief in federal court. Thomas v. Taylor, 170 F.3d 466, 470 (4th Cir. 1999) (holding that an allegation of sentencing error was a state law claim for which "federal habeas review simply does not lie"); Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (holding that "federal courts can not review a state's failure to adhere to its own sentencing procedures"). Petitioner would have to show a specific constitutional violation or fundamental unfairness in order to state any claim.

3

Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Grundler v. North Carolina, 283 F.2d 798, 802 (4th Cir.1960). For several reasons, he fails to do so.

First, Petitioner's sentence of 66 to 89 months was the exact sentence listed in his plea agreement for his Class C habitual felon conviction. (Respondent's Brief [Doc. #6], Ex. 1.) There is nothing fundamentally unfair about the fact that Petitioner received the sentence for which he bargained. Second, Petitioner claimed in the state court and his Petition that he should have been sentenced at a record level of III, rather than a record level of IV. Respondent counters this by pointing out that, under the North Carolina sentencing statutes, Petitioner's sentence falls into the mitigated range of sentences for both record level III and record level IV for a Class C felony. See N.C. Gen. Stat. § 15A-1340.17(c) and (e) (2011). Petitioner responds by claiming that additional errors mean that he should have been classified as having a record level of II. However, his sentence falls within the mitigated range even for a Class C felony with a record level of II. Finally, at least most of the "errors" alleged by Petitioner appear not to be errors at all. Petitioner does not contest at least five of his criminal history points. As for the alleged errors, he faults the state court for assigning two criminal history points each for two felony convictions that were consolidated with other convictions which served as predicate felonies for his habitual felon status. However, it appears that counting those points was correct under North Carolina law. See State v. Brooks, No. COA09-560, 2010 WL 696907, at *2 (N.C. App. Mar. 2, 2010) (unpublished) (citing State v. Truesdale, 123 N.C. App. 639, 641-42, 473 S.E.2d 670, 671-72 (1996)). Likewise, Petitioner claims that two driving while impaired misdemeanor

4

convictions should not have been counted because they occurred prior to December 1, 1997. The North Carolina statute that allows the counting of such offenses places no date restriction on them. See N.C. Gen. Stat. § 15A-1340.14(b)(5)(2011). Adding the four felony and two misdemeanor points to the five points that Petitioner does not contest renders a criminal history score of at least eleven. Petitioner still contests two other points, but these points make no difference because any score between ten and thirteen results in a criminal history category of IV. See N.C. Gen. Stat. § 15A-1340.17 (2011). As for Petitioner's contention that the State did not properly prove his prior convictions, there was no need for such proof because the State was allowed to prove his prior convictions, as it did, through a stipulation. See N.C. Gen. Stat. § 15A-1340.14(f)(1)(2011). For all of these reasons, Petitioner's claims should be denied.

IT IS THEREFORE RECOMMENDED that Respondent's Motion for Summary Judgment [Doc. #5] be granted, that the Petition [Doc. #2] be denied, and that this action be dismissed.

This, the 26th day of August, 2014.

        /s/ Joi Elizabeth Peake
       United States Magistrate Judge